UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NEIL ERBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 16-cv-00596-TCK-PJC |
| ) | (Tulsa County District Court |
| (1) AAA FIRE & CASUALTY ) | Case No.: CJ-2016-3014) |
| INSURANCE COMPANY, ) | |
| ) | |
| (2) CSAA FIRE & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| (3) ACA INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), hereby removes the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the State Court docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-2**. CSAA has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1. Plaintiff, Neil Erbe ("Plaintiff"), commenced this action against CSAA in the District Court of Tulsa County, State of Oklahoma (Case No. CJ-2016-3014), on or about the 19th day of August, 2016. (*See generally*, Petition, **EXHIBIT 2**.)

2. Plaintiff alleges that on or about January 7, 2014, his home was damaged by a loss allegedly covered under the insurance policy issued to him by CSAA. (*See* Petition, ¶¶ 5 & 6, **EXHIBIT 2**.)

3. According to Plaintiff, CSAA breached its insurance contract with Plaintiff by "failing to pay Plaintiff all benefits to which he is entitled under the terms and conditions of the policy." (*See* Petition, ¶¶ 7-10, **EXHIBIT 2**.)

4. Plaintiff seeks damages in excess of $75,000.00, exclusive of attorney fees, costs and interest, for his breach of contract claim. (*See* Petition, ¶ 11, **EXHIBIT 2**.)

5. Plaintiff's Petition further asserts a conclusory bad faith claim. (*See* Petition, ¶¶ 13 & 20-23, **EXHIBIT 2**.)

6. Plaintiff seeks damages in excess of $75,000.00, exclusive of attorney fees, costs and interest, for his bad faith claim. (*See* Petition, ¶ 22, **EXHIBIT 2**.)

7. Plaintiff also claims CSAA's alleged bad faith was "intentional, willful, malicious and in reckless disregard of the rights of Plaintiffs [sic], and is sufficiently egregious in nature so as to warrant the imposition of punitive damages." (*See* Petition, ¶ 23, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

8. "'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9. At the time the Petition was filed, federal question jurisdiction did not exist. There were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

10. However, as of the moment Plaintiff filed his Petition, diversity jurisdiction existed. As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction. Specifically, this case is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

11. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma. *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). (*See* Petition, ¶ 1, EXHIBIT 2.) Plaintiff was not a citizen of the State of Indiana or California.

12. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

13. At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana with its "nerve center" or "principal place of business" in California. (*See* NAIC Company Demographics for CSAA Fire & Casualty Insurance Company, EXHIBIT 3.) Thus, CSAA was deemed to be a citizen of Indiana and California. CSAA was not a citizen of the State of Oklahoma.

14. Plaintiff's Petition names AAA Fire and Casualty Insurance Company and ACA Insurance Company as additional Defendants to this lawsuit. However, AAA Fire and Casualty Insurance Company was the d/b/a for ACA Insurance Company. And, ACA Insurance Company changed its name to CSAA. As the attached Certificates of Authority from the Oklahoma

3

Department of Insurance demonstrate, ACA Insurance Company and CSAA have the same Oklahoma License number and the same NAIC number. In other words, the three Defendants are one and the same. (*See* **EXHIBITS 4 & 5**.) Accordingly, these "additional" defendants can be disregarded for purposes of diversity jurisdiction. *See Davis v. OneBeacon Ins. Group.*, 721 F.Supp.2d 329, 337 (D.N.J. 2010) ("'[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.'" *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, at *2, 2009 U.S. Dist. LEXIS 110706, at *4 (S.D. Ill. Nov. 26, 2009). Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship." (emphasis added)); *See also Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (noting that district court denied motion to remand because named defendant "was only a trade name and not a legal entity"); *Schwartz v. CNA Ins. Co.*, 1:04CV1749, 2005 WL 3088570, at *4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).[1]

15. As Plaintiff and Defendant(s) are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

---

[1] Additionally, upon information and belief, neither AAA Fire and Casualty Insurance Company nor ACA Insurance Company have been served with the Summons and Petition. Therefore, these "additional" defendants do not need to consent or join in this removal. *See* 28 U.S.C. 1446(a) (stating all defendants "who have been properly joint **and served** must join or consent to the removal of the action." (emphasis added))

4

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

16. Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In the present case, this requirement is also met.

17. The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiffs are seeking in excess of $75,000.00.

18. Specifically, "Plaintiffs [sic] pray for judgment in his favor and against Defendants for... All damages contractual, compensatory, and punitive, in an amount in excess of seventy-five thousand dollars ($75,000.00)[.]" (*See* Petition, Prayer for Relief, **EXHIBIT 2**.)

19. Therefore, based on the foregoing, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

20. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Specifically, it has not been 30 days since CSAA was served with this lawsuit. (*See* Letter from CT Corporation transmitting the Summons and Petition, dated September 1, 2016, **EXHIBIT 6**.)

21. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally,* Petition, filed on August 19, 2016, **EXHIBIT 2**.)

22. This Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of

5

Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the county of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

23. Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiff. CSAA has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire & Casualty Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:     405-606-3334
Email: Jerry@pclaw.org
          erin@pclaw.org
**ATTORNEYS FOR DEFENDANT, CSAA FIRE & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Woodson, Esquire
Eric L. Clark, Esquire

      I hereby certify that on September 15, 2016, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Ms. Sally Howe Smith                              *VIA U.S. MAIL*
Tulsa County Court Clerk
500 South Denver Avenue
Tulsa, Oklahoma  74103-3832

                                                        s/ Erin J. Rooney
                                                        For the Firm