**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NEIL ERBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-596-TCK-PJC |
| | ) |
| AAA FIRE & CASUALTY INSURANCE | ) |
| COMPANY; CSAA FIRE & CASUALTY | ) |
| INSURANCE COMPANY; and ACA | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant CSAA Fire & Casualty Insurance Company's Motion to Dismiss (Doc. 10). For reasons explained below, the motion is granted in part. Plaintiff is permitted to file an Amended Complaint no later than five days from the date of this Order.

**I.     Proper Defendants**

In the Joint Status Report, Defendant CSAA Fire & Casualty Insurance Company asserts that it is the real party in interest and that the case caption should read: CSAA Fire & Casualty Insurance Company, f/k/a ACA Insurance Company, d/b/a AAA Fire & Casualty Insurance Company. Plaintiff does not object to this correction. Accordingly, the Court concludes there is only one proper Defendant with the name CSAA Fire & Casualty Company, f/k/a ACA Insurance Company, d/b/a AAA Fire & Casualty Insurance Company ("CSAA"). In his Amended Complaint, Plaintiff shall amend the case caption accordingly.

**II.    Factual Allegations**

Plaintiff entered into a contract with CSAA providing homeowners coverage as described in policy # H03-003100899 ("Policy"). On January 7, 2014, a pipe in Plaintiff's upstairs bathroom

exploded and caused a sudden discharge of water into the home, resulting in flooding and property damage. Plaintiff submitted a claim, which CSAA partially paid.

On August 19, 2016, Plaintiff filed a Petition in state court against CSAA, asserting claims for breach of contract and breach of the duty of good faith and fair dealing owed to insureds ("bad faith"). In addition to underpaying amounts owed, CSAA allegedly (1) purposefully, wrongfully, and repeatedly withheld benefits in violation of the Oklahoma Unfair Claims Settlement Practices Act ("UCSPA"); (2) failed to communicate all coverages and benefits applicable to the claim; (3) failed to reasonably and promptly investigate the claim; (4) failed to reasonably and promptly communicate to Plaintiff the results of any investigation; and (5) forced Plaintiff to retain counsel to recover benefits. (Compl. ¶ 19.)

## III.     Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphasis in original). The Tenth Circuit has interpreted "plausible," as used by the United States Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla., ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The

allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

## IV. Breach of Contract

### A. Timeliness

CSAA argues the contract claim is untimely based on the following "Suit Against Us" clause in the Policy: "No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss." (Ex. 1 to Def.'s Mot. to Dismiss.) Plaintiff admits he filed suit more than two years following January 7, 2014. He contends, however, that CSAA cannot raise this defense because CSAA failed to comply with Oklahoma law requiring an insurer to provide notice of the contractual time limit:

> Insurers cannot continue or delay negotiations for settlement of a claim directly with the claimant who is neither an attorney nor represented by an attorney, for a length of time which causes a claimant's right to be affected by a statute limitations, or a policy or contract time limit, without giving the claimant written notice that the time limit is expiring and may affect the claimant's rights. Such notice shall be given to first party claimants thirty (30) days, and to third-party claimants sixty (60) days, for the date on which such time limit may expire.

Okla. Stat. tit. 36, § 1250.7(E). In reply, CSAA impliedly admits such a failure can negate its contractual limitations defense but argues Plaintiff failed to allege adequate facts showing that CSAA continued or delayed settlement negotiations.

For purposes of this motion, the Court assumes without deciding that a violation of § 1250.7(E) can prevent an insurer from raising a contractual limitations defense. The Court rejects CSAA's argument that Plaintiff failed to plead conduct by CSAA that could plausibly violate the notice statute. Plaintiff alleges CSAA purposefully and repeatedly withheld benefits, in violation

3

of title 36, sections 1250.1-1250.16 of the Oklahoma statutes. (Compl. ¶ 19(c).) This factual allegations sweeps in conduct that could trigger § 1250.7(E)'s notice requirement. Therefore, the Court rejects CSAA's timeliness argument at this stage of the proceedings.

### B. Pleading Deficiencies

CSAA also urges dismissal based on Plaintiff's failure to allege a specific amount of contract-based damages. CSAA argues that an Plaintiff must plead the amount he received from the insurer and the amount he is still owed in order to state a claim.

Federal pleading standards do not require an insured to plead a precise damage amount in order to state a claim for breach of an insurance contract. At the pleading stage, an insured has not conducted discovery and may not know the full extent of his property damages, personal injuries, or other damage without the benefit of expert or other testimony. Damages on this type of contract are not always capable of precise calculation at the outset of litigation. It is sufficient that Plaintiff alleged facts supporting a plausible claim that CSAA underpaid his claim in an unspecified amount.

## V. Breach of Duty of Good Faith and Fair Dealing

### A. Pleading Deficiencies

CSAA argues Plaintiff failed to allege any non-conclusory facts in support of his bad-faith claim. The Court agrees. Plaintiff's Complaint contains only conclusory allegations and does not allege any specific facts supporting a finding of unreasonable conduct by CSAA. *See Scheffler v. Am. Republic Ins. Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012) (dismissing bad-faith claim supported solely by laundry list of conclusory allegations). As explained by Judge Eagan, a plaintiff will generally have "knowledge of certain details" that can satisfy the plausibility requirement, even without access to the insurance claim file. *See id.*

(providing examples of such details and permitting amendment). Although these facts need not be detailed or numerous, they must be enough to state a plausible claim of unreasonable conduct beyond merely breaching the contract.

In his response brief, Plaintiff explains some of the factual details supporting his bad faith claim:

> In the case at bar, Plaintiff's home suffered damage in a major water loss that flooded two stories of his residence. Mr. Erbe timely filed a claim under his homeowner's policy. CSAA took an unnecessarily large amount of time to respond to Mr. Erbe, causing additional damage to his residence and only partially paying portions of his claim, without any explanation. The answer to CSAA's refusal to pay is (should be) within its claim file.

(Pl.'s Resp. to Mot. to Dismiss 9.) Although arguments in a response brief cannot cure a defective pleading, *see Bus. Loan Ctr., LLC v. Driskill Indus., Inc.*, No. CIV-07-1314-HE, 2008 WL 2704390, at *1 (W.D. Okla. July 3, 2008), Plaintiff's arguments indicate that his pleading deficiencies can be easily cured. CSAA causing delays that resulted in additional damage and failing to explain denials of coverage could, depending on the circumstances, support a finding of unreasonable conduct. Accordingly, the Court will permit Plaintiff to amend his bad-faith claim. Plaintiff need not include facts in the sole possession of CSAA but must include facts within his personal knowledge supporting a plausible bad-faith claim.

### B.     UCSPA

Plaintiff mentions violations of the UCSPA in support of its bad-faith claim. In its motion to dismiss, CSAA argues: (1) the UCSPA does not create a private right of action, and (2) the UCSPA does not set the standard by which a bad-faith claim is judged. Plaintiff does not dispute either point, and the Court finds no need to address these arguments at this time.

## VI. Conclusion

CSAA Fire & Casualty Insurance Company's Motion to Dismiss (Doc. 10) is DENIED as to Plaintiff's breach of contract claim. It is GRANTED as to Plaintiff's bad-faith claim. Plaintiff may file an Amended Complaint with respect to the bad-faith claim no later than five days from the date of this Order.

The parties are ordered to file a Joint Status Report no later than ten days from the date of this Order.

**SO ORDERED this 6th day of February, 2017.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**